# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **WILLIAM IVON TURNER**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:06CV00198 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*William Ivon Turner, Petitioner Pro Se; Jennifer R. Brockhorst, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

William Ivon Turner, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). He challenges the validity of his confinement pursuant to the judgment of this court sentencing him to life in prison, following his convictions of bank robbery, carjacking, and related firearms charges. The government has filed a Motion to Dismiss, arguing that petitioner is not entitled to relief under § 2255. Turner has responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be granted.

The facts surrounding Turner's crimes, convictions and sentence are as stated

by the court of appeals in its opinion on his direct appeal:

> Shortly before the close of business on December 26, 2002, Turner entered the Royal Oak branch of the Bank of Marion. Seated at her desk was Judy Cregger, the bank manager. Turner told her that he wished to open an account. As she approached him, he lifted his shirt to reveal a gun stuck in his belt, and said, "Ma'am, we're going to the vault." Cregger got the keys and led him to the vault. There he produced a pillowcase, ordering her to fill it with money. She placed some 12,000 one dollar bills in it, and told him that was all she had. The rest of the bank staff—no other customers were present—was unaware of the robbery until Turner, exiting the vault with the money, brandished his gun and ordered the tellers to get inside the vault. Once they were all inside, he left the bank and joined his companion, Merrie Ellen Reid.

> Cregger left the vault less than two minutes after Turner ordered the group inside and managed to see a large white car with Florida tags leave the parking lot. A witness arrived at the bank parking lot during the robbery and saw Turner get into the car. Turner and Reid headed north onto Interstate 81. At around 5:30 that evening, the police pulled the car over. They saw only Reid in the front seat. Before the officers could get a view of the back seat, Reid sped off. She eventually parked at a rural home after apparently having car trouble. Living there was eighteen-year old Sean Hildreth, whom she asked for a ride to the store. He agreed. Before he pulled away, Turner appeared, begged for a ride, and jumped in.

> The police, who had been chasing Reid and Turner, saw the white car on Hildreth's property and at the same time saw Hildreth turn from the driveway. An officer of the State Police activated his lights to pull Hildreth over. Hildreth stopped the car in a high school parking lot, and the officer approached. Noticing Turner in the back seat, the officer reached for his weapon. Turner pointed his gun at the officer and the

- 2 -

officer fled. Turner then put the gun to the back of Hildreth's head, and said, "Drive." When Hildreth was too scared to drive, Turner ordered him out of the car and assumed the driver's seat. Before Turner could leave, officers surrounded the car. They arrested Turner and Reid, and recovered Turner's gun and the pillowcase with $12,000 in it.

. . . .

Turner was indicted by a federal grand jury on January 8, 2003, and charged with nine counts: four counts of conspiracy, one count of aggravated armed bank robbery, one count of carjacking, two counts of possessing a firearm in furtherance of a crime of violence, and one count of possession of a firearm while being a felon and/or illegal user of controlled substances.

Jury selection commenced on March 27, 2003. No veniremen answered in the affirmative when the district judge asked if they held stock in the Bank of Marion, a federally-insured bank based in Marion, Virginia, with 12 branches. However, defense counsel ascertained that two veniremen held accounts in the Bank, but not at the Royal Oak branch where the crime occurred. Turner argued that these veniremen should be struck for cause, but the trial court declined to strike them.

During the trial, Reid testified that Turner had not robbed the bank, but that a man she called "Boogie" had done so. Boogie forced her to drive away, she said, and ran into the woods when the car was stopped at Hildreth's home. Reid claimed that Turner had slept through all the commotion. The jury concluded otherwise, convicting Turner of having perpetrated the crime as recounted above. The judge sentenced Turner to life imprisonment for four counts, and a period of years on the remaining counts.

*United States v. Turner*, 389 F.3d 111, 114-15 (4th Cir. 2004), *cert. denied*, 544 U.S.

935 (2005).

At Turner's sentencing, the presentence report determined him to be a career offender and an armed career criminal. Although he had the prerequisite number of prior violent felony convictions to be sentenced to a mandatory life sentence pursuant to 18 U.S.C.A. § 3559(c) (West 2000), the government conceded that Turner was not subject to that provision because the government had failed to file a timely information.[1] Turner's sentencing range under the sentencing guidelines was 360 months to life imprisonment. I found that the only way to prevent Turner's continued serious criminal conduct was to "incapacitate [him] for life." (Sentencing Tr. 7, Aug. 27, 2003.) Therefore, I sentenced him to the statutory maximum on every count.

On appeal, among other issues, Turner's counsel argued that the trial court erred in not disqualifying two members of the jury panel; that the evidence was not sufficient to submit to the jury the issue of "forced accompaniment" during the bank robbery under 18 U.S.C.A. § 2113(e); and that the statutory maximum for a violation of § 2113(e) is not life imprisonment, unless death results. The Fourth Circuit affirmed Turner's convictions and sentence on October 1, 2004, and the Supreme Court denied his petition for a writ of certiorari on March 21, 2005.

---

[1] Turner's claims that he was wrongfully sentenced to life under § 3559(c) and that counsel was ineffective for failing to object to the sentence on that ground are thus inconsistent with the record.

Turner signed the present motion on March 15, 2006, but it was not received by the court until April 5, 2006. He requested and was granted several extensions of time to file a memorandum in support of his claims. On November 21, 2006, he filed a "Memorandum of Points and Authorities." He asserts that the prison was on lock down until October 31, 2006, and asks the court to consider his memorandum even though it was not filed within the time allotted by the court. Although the memorandum was not filed within one year after Turner's conviction became final on March 21, 2005, and raises additional grounds for relief not included in the original motion, the government does not object to its consideration.

Turner alleges the following grounds for relief:

1. Trial counsel provided ineffective assistance by:

   a. failing to investigate whether sub-parts of 18 U.S.C.A. § 2113 (West 2000 & Supp. 2006) should have been charged in separate counts of the indictment;

   b. failing to raise a pretrial challenge to Count Two on grounds of unconstitutional duplicity in that it charged violations of both 18 U.S.C.A. § 2113(d) and (e);

   c. failing to raise legal and constitutional challenges to the gun charges in the indictment on grounds of multiplicity;

   d. failing to object or appeal on grounds of inherent bias when the court refused to strike for cause two venire persons who had accounts at another branch of the bank robbed;

- 5 -

e.      failing to utilize peremptory strikes to remove the two venire persons with accounts at another branch;

f.      failing to establish during examination of witnesses and during closing arguments that a necessary aggravating factor for guilt under § 2113(e) was not proven beyond a reasonable doubt;

g.      failing to move the court for jury instructions on the aggravating factor under § 2113(e);

h.      failing to object or ask for a cautionary instruction when the court allowed jurors to take the indictment into deliberations after informing them that the indictment was not evidence;

I.      failing to file pretrial motions to suppress the in-court identification of petitioner;

j.      failing to challenge the carjacking count of the indictment on grounds that it did not allege that petitioner used threat or force to make anyone get out of a vehicle or force anyone to accompany him;

k.      failing to object to the court's unfettered exercise of discretion in departing upward without notice to sentence petitioner to life imprisonment under § 2113(e) when the mandatory minimum is ten years; and

l.      failing properly to put the government to its burden of proof with respect to (I) the carjacking count, (ii) the firearm counts, and (iii) Count Two, charging violation of § 2113(d) and (e);

2.    The trial court erred by:

a. allowing the jury to take a copy of the indictment into deliberations;

b. instructing jurors that they could find petitioner guilty under § 2113(e) as a separate and distinct count, although it was not separately charged in the indictment;

c. finding from facts not charged in the indictment or sufficiently adduced during trial that § 2113(e) automatically required a life sentence for petitioner;

d. believing that it lacked discretion to impose less than a life sentence under § 2113(e);

e. engaging in impermissible double counting by applying a four-level enhancement for abduction to facilitate escape to the carjacking count;

f. failing to state the basis for imposing a life sentence; and

g. failing to define the term "possession of a firearm" within the contexts of bank robbery and conspiracy, with respect to the firearms counts;

3. Appellate counsel provided ineffective assistance by:

a. failing to challenge the sufficiency of the evidence properly with respect to the aggravating element of § 2113(e);

b. failing to challenge the sufficiency of the evidence with respect to the carjacking statute; and

c. failing to challenge the four-point enhancement for abduction on the carjacking count;

4. The appellate court erred in finding that subsections (a), (b), (c), and (d) of § 2113 are lesser included offenses of § 2113(e);

- 7 -

6. The jury instruction on the carjacking count constructively amended the indictment;[2]

7. The jury instruction with respect to § 2113(e) constructively amended the indictment;

8. Introduction through a police officer's testimony of a co-defendant statement inculpating petitioner concerning a firearm denied petitioner the right to confront an accuser;

9. The government failed to charge the aggravating factor element under § 2113(e) or to prove same during trial so as to support a conviction or a life sentence;

10. The trial court lacked the requisite subject matter jurisdiction to try petitioner for a violation of § 2113(e) or to impose a life sentence; and

11. The cumulative error in this case denied petitioner a fair trial, and the result is therefore unreliable.

II

The government argues that many of Turner's claims are barred from review under § 2255 because he could have raised them on direct appeal and failed to do so. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (finding that trial error not raised on direct appeal was waived and could not be brought on collateral review absent showing of cause and actual prejudice or miscarriage of

---

[2] Petitioner notes that he has no ground 5.

justice). I agree that these claims could have been raised on direct appeal and thus I cannot address them on the merits absent a showing of cause and actual prejudice or a miscarriage of justice.

Turner argues that his counsel's ineffective assistance serves as cause to excuse his default of several claims on appeal. I find that Turner has failed to establish that counsel provided constitutionally ineffective assistance as he alleges. Therefore, I also find that he is unable to excuse the default of his trial error claims. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) (finding that error by counsel may serve as cause to excuse procedural default only if petitioner demonstrates that error was so egregious that it violated petitioner's constitutional right to effective assistance of counsel).

Turner offers no other cause for his default. To the extent that he argues miscarriage of justice in an attempt to circumvent his procedural defaults, he fails to make the requisite showing of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (finding that claim of actual innocence sufficient to excuse procedural default requires showing that "it is more likely than not that no reasonable juror would have convicted" defendant if jurors had received specific, reliable evidence not presented at trial). I will grant the Motion to Dismiss as to Claims 2, 6,

7, 8, and 9, on the ground that Turner could have raised these claims on appeal and fails to qualify for any exception to this procedural default.

Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). In addressing Turner's direct appeal, the Fourth Circuit expressly found that the evidence supported the jury's conclusion that Turner forced the bank manager to accompany him during the armed robbery of the bank and affirmed his conviction of aggravated bank robbery under § 2113(e). *Turner*, 389 F.3d at 120. The appellate court also expressly rejected Turner's argument that a maximum sentence of twenty-five years applied to this offense and affirmed his life sentence on that count. *Id.* at 121. Because Claims 4 and 10 concern issues that have already been addressed and decided on appeal, I cannot consider these claims on the merits in this collateral attack. Therefore, I will grant the Motion to Dismiss as to Claims 4 and 10.

In his response to the Motion to Dismiss, Turner argues that his sentences were based on facts not found by the jury, in violation of the rules set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005). This issue could have been raised under *Apprendi* during trial and appeal; arguments under *Blakely* could have been

raised while Turner's appeal was pending; and *Booker* arguments could have been raised during certiorari proceedings. Accordingly, all such claims are procedurally barred from review under § 2255.[3] *Mikalajunas*, 186 F.3d at 492-93.


## III

Turner alleges many instances of ineffective assistance of counsel, at trial and on appeal. Such claims generally cannot be raised on direct appeal and are properly addressed on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that federal habeas petitioner may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal).

To prove that counsel's assistance at trial or sentencing or on appeal was so defective as to require reversal of his conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the

---

[3] The record before the court does not include the appellate briefs or the petition for a writ of certiorari. To the extent that Turner may have raised claims under *Apprendi*, *Blakely*, or *Booker* during these post-conviction proceedings, however, this court may not revisit the issues under § 2255. *Boeckenhaupt*, 537 F.2d at 1183.

representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95.

If it is clear that petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697. An attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." *See Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998). A habeas petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," and therefore, will not warrant a hearing unless he first presents "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." *Poyner v. Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (internal quotation and citation omitted).

A.  THE BANK ROBBERY CONVICTION.

Several of Turner's ineffective assistance claims concern his aggravated bank robbery conviction.  Count Two of the indictment charged that Turner violated 18 U.S.C.A. § 2113(a),(d), and (e), in that he

> by force, violence, and intimidation did take from the person and presence of another, approximately $12,000 in money belonging to and in the care . . . of the Bank of Marion, the deposits of which were then insured by the Federal Deposit Insurance Corporation. . . . In committing such offense, [Turner] . . . did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm. . . . [and] did force a person to accompany [him] without the consent of that person.

Section 2113(d) authorizes a maximum prison sentence of twenty-five years for a bank robbery during which the defendant "puts in jeopardy the life of any person by the use of a dangerous weapon."  Section 2113(e) sets a mandatory minimum prison sentence of ten years for a bank robber who, while committing the offense or in an effort to escape after the offense, "forces any person to accompany him without the consent of such person," but authorizes a death or life sentence for the bank robber who kills during the offense.  The Fourth Circuit has held that § 2113(d) is a lesser included offense of § 2113(e), *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985), and that § 2113(e) "prescribes a minimum penalty of ten years and a maximum penalty of life imprisonment" in a case where no one is killed, *Crawford v. United*

- 13 -

*States*, 519 F.2d 347, 351 (4th Cir. 1975), *abrogated on other grounds, Whitley*, 759 F.2d at 331.

In Turner's case, the jurors received instructions and a verdict form that broke down all the elements that the jurors had to find beyond a reasonable doubt in order to convict Turner under § 2113(e) and the lesser included offenses they might find, absent the aggravating factor.[4] The jury marked the special verdict form to indicate their specific finding that Turner was guilty of aggravated bank robbery under

---

[4] After giving the jury blanks to check if they found Turner "not guilty" or "guilty" of aggravated armed bank robbery as charged in Count Two, the verdict form stated:

> If you find the defendant "Not guilty" of Count Two above (aggravated armed bank robbery), answer the following questions 2A, 2B and 2C:

> Has the government proved beyond a reasonable doubt that the defendant is guilty of other of the lesser included offenses?

2A.  Bank robbery without the use of a dangerous weapon, but with forcing a person to accompany the defendant:

_____Not Guilty _____Guilty

2B.  Bank robbery with the use of a dangerous weapon, but without forcing a person to accompany the defendant:

_____Not Guilty _____Guilty

2C.  Bank robbery without the use of a dangerous weapon, and without forcing a person to accompany the defendant:

_____Not Guilty _____Guilty

- 14 -

§ 2113(e). The Fourth Circuit found on appeal that the evidence at trial supported the jury's finding and affirmed the life sentence as within the statutory maximum under § 2113(e). *Turner*, 389 F.3d at 119-121.

In Claims 1(a) and 1(b), Turner faults counsel for failing to object to Count Two as duplicitous; he believes the lesser included offense under § 2113(d) should have been charged in a separate count. The special verdict form ensured that the jury made a specific finding that Turner did force accompaniment as the aggravating factor necessary for conviction of aggravated bank robbery under § 2113(e) by giving it the opportunity to find him guilty of a lesser included offense if it did not find accompaniment. Turner fails to demonstrate any reasonable likelihood that the proposed objections to Count Two would have resulted in any different outcome. As Turner thus fails to demonstrate prejudice under *Strickland*, I will grant the motion to dismiss as to Claims 1(a) and 1(b).

In Claim 1(f), Turner asserts that counsel failed to establish while questioning witnesses and arguing at closing that Turner's intent to commit forced accompaniment was not proven beyond a reasonable doubt. Claim 1(g) faults counsel for failing to request a jury instruction on this aggravating factor under § 2113(e). The record indicates that the parties discussed extensively the evidence of defendants' intent related to the forced accompaniment element of Count Two and the carjacking

- 15 -

counts. Turner fails to offer any specific question counsel should have asked or argument he should have made regarding intent and does not demonstrate any reasonable likelihood that absent counsel's omission, the outcome would have been different. I will grant the Motion to Dismiss as to Claims 1(f) and 1(g), as these claims fail under both prongs of *Strickland*.

Several additional claims related to Count Two fail to meet either prong of *Strickland*, in light of the Fourth Circuit's express rulings affirming the aggravated bank robbery conviction and life sentence: Claim 1(k), failure to object to court's upward departure to a life sentence; Claim 1(l)(iii), failure to put the government to its burden of proof on Count Two; and Claim 3(a), appellate counsel's failure to raise sufficiency of the evidence as to the aggravating element of § 2113(e). I will grant the Motion to Dismiss as to each of these three claims accordingly.

B. THE FIREARM CONVICTIONS.

In Claim 1(c), Turner complains, without specific argument, that counsel should have challenged the number of gun charges on the grounds of multiplicity. Turner had five firearm charges: Count Three (conspiracy to possess a firearm in furtherance of bank robbery); Count Four (possession of a firearm in furtherance of bank robbery); Count Seven (conspiracy to possess a firearm in furtherance of carjacking); Count Eight (possession of a firearm in furtherance of carjacking); and

- 16 -

Count Nine (possession of a firearm as a felon, as a fugitive, and as an unlawful drug user). Because each of these offenses requires some element of proof that each of the others does not, I find no multiplicity here. *See Callanan v. United States*, 364 U.S. 587, 593 (1961) (holding that conspiracies and substantive offenses committed in the course of those conspiracies are separate offenses and may be charged separately). As counsel's failure to raise a meritless objection on multiplicity was neither deficient performance nor prejudicial, this claim fails under *Strickland*. I will grant the Motion to Dismiss as to Claim 1(c).

Turner also asserts in Claim 1(l)(ii) that counsel failed to put the government to its burden of proof as to the gun counts. The government had eye witness testimony in support of all of the firearms charges. Turner offers no specific objection counsel could have made and fails to demonstrate any likelihood that such an objection would have affected the outcome. As this claim fails under *Strickland*, I will grant the Motion to Dismiss as to Claim 1(l)(ii).

## C. Voir Dire Issues.

On appeal, Turner asserted that the court should have dismissed two veniremen as biased per se, because they had accounts at the Bank of Marion, but at other branches of the bank. The Fourth Circuit rejected the per se bias argument, citing the long-standing practice of leaving administration of jury selection to the discretion of

- 17 -

the trial judge, who is best able to determine an individual juror's ability to be impartial. *Turner*, 389 F.3d at 115-17. The appellate court then examined whether the jurors in Turner's case demonstrated actual bias as cause for dismissal and found none proven. *Id.* at 117-119.

In his § 2255 motion, Turner raises two ineffective assistance claims related to jury selection. Claim 1(d) faults counsel for failing to object or appeal on the ground of inherent juror bias. Turner does not explain how his "inherent juror bias" argument differs from the per se juror bias argument rejected in his case by the appellate court. Thus, he fails to show that but for counsel's omission of this term from argument and appeal, the outcome would have been different.

Claim 1(e) asserts that counsel should have removed both account holders with peremptory challenges. One of the men served on the jury in Turner's case. As Turner presents absolutely no evidence that this juror's participation on the jury negatively affected the outcome, however, he fails to show prejudice under *Strickland.* I will grant the Motion to Dismiss as to Claims 1(d) and 1(e).

## D. IN-COURT IDENTIFICATION.

Claim 1(I) asserts that counsel should have moved, pretrial, for suppression of any in-court identification of Turner by witnesses. Counsel addressed the identification issue through cross-examination of the government's witnesses. For

example, Judy Cregger, the bank manager, admitted on cross-examination that when she was interviewed by law enforcement officials after the robbery, she had not been able to identify Turner as the perpetrator; counsel also pointed out that Turner was the only black man in the courtroom when she identified him during the trial.[5]   In light of all the other evidence tying Turner to the crimes, I cannot find counsel's trial strategy to be unreasonable.  For the same reason, Turner cannot show prejudice under *Strickland*.  I will grant the Motion to Dismiss as to Claim 1(I).

## E.  Carjacking Conviction.

Turner was convicted of conspiring to attempt a carjacking (Count Five) and the substantive crime of carjacking (Count Six).  The relevant statute states, in pertinent part,

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall . . . be fined under this title or imprisoned not more than 15 years or both.

18 U.S.C.A. § 2119 (West 2000).

---

[5]  Counsel also filed a Motion for Judgment of Acquittal and for New Trial on this issue and other grounds.  I denied this Motion upon finding that "these matters were taken up at trial and nothing stated in the Motions convinces me that my prior judgments on these matters was wrong or that the evidence was insufficient to convict the defendant of the crimes charged."  (Sentencing Tr. 6, July 29, 2003.)

The intent requirement is satisfied by proof that at the moment the defendant demanded or took control over the driver's automobile, the defendant possessed the conditional intent to harm the driver seriously or kill him if necessary to steal the car. *Holloway v. United States*, 526 U.S. 1, 6-7 (1999). The government need not prove that the defendant actually intended to cause the harm; it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle. *United States v. Wilson*, 198 F.3d 467, 470 (4th Cir. 1999). The "taking" element of § 2119 is satisfied when defendants seize control of a victim's vehicle, even if they do not force him to relinquish it. *United States v. Moore,* 73 F.3d 666, 669 (6th Cir. 1996).

Turner asserts, in Claim 1(j), that counsel should have challenged the carjacking counts of the indictment because they did not allege that Turner used threats or force to make anyone give up a vehicle; and in Claim 1(l), that counsel failed to make the government prove the carjacking counts. He also argues in his memorandum that counsel should have objected to jury instruction numbered 21 as an amendment to Count Five because it concerned the elements of conspiracy to commit carjacking and not conspiracy to *attempt* to commit carjacking as was charged in Count Five. In Claim 3(b), Turner alleges that appellate counsel should have challenged the sufficiency of the evidence as to the carjacking counts.

- 20 -

The record indicates that Turner's trial counsel used various strategies to defend against the carjacking counts. He questioned Sean Hildreth extensively about defendants' conduct and comments to elicit testimony that Turner made no direct verbal threat to harm Hildreth even when he placed the gun to Hildreth's head. After the government rested its case in chief and again at the close of the evidence, Turner's counsel moved for judgment of acquittal on Count Five on the ground that the evidence was insufficient to show an agreement between the defendants to commit this offense and on Count Six on the ground that the evidence was insufficient to prove intent to cause serious harm. He later filed a written Motion for Judgment of Acquittal and for New Trial, arguing that there was insufficient evidence that the vehicle was "taken" so as to support the carjacking counts. I denied these motions because the evidence was clearly sufficient to present these counts to the jury for resolution. Jurors could reasonably have found that Reid and Turner conspired to use Hildreth's vehicle as a getaway car and that their conduct and comments intimidated Hildreth into cooperating with their "taking" control of his vehicle. Certainly, Turner's placing a gun to Hildreth's head constituted intimidation as was charged in the indictment, followed by Turner's physical takeover of the driver's seat.

Turner fails to demonstrate that counsel's strategy regarding the carjacking counts was defective performance or to show any reasonable probability that any of

the alternative strategies Turner offers now would have resulted in a different outcome.[6]  Similarly, as the evidence was sufficient to support the carjacking convictions, appellate counsel's failure to raise a sufficiency challenge was neither defective performance nor prejudicial to the outcome on appeal.  *See Jones v. Barnes*, 463 U.S. 745 (1983) (finding that counsel has no constitutional duty to raise on appeal every non-frivolous issue requested by defendant).  Finding no ineffective assistance under *Strickland*, I will grant the Motion to Dismiss as to Turner's carjacking claims.

## F.  OTHER CLAIMS.

Turner's remaining claims also fail to establish entitlement to relief.  Claim 1(h) alleges that counsel should have objected to my decision to allow jurors to take the indictment into deliberations without sufficient cautionary instructions.  This claim has no support in the record.  I verbally instructed the jurors that the indictment was not evidence and allowed them to take the indictment into deliberations, along with a written copy of my instructions.  The instructions also repeatedly stated that

---

[6]  Turner's argument that he could not be convicted of conspiring to *attempt* a carjacking contradicts the plain language of § 2119.  *See United States v. Clay*, 495 F.2d 700, 710 (7th Cir. 1974) (holding that conspiring to attempt bank robbery was indictable offense, since attempted bank robbery was prohibited by federal statute). Clearly, if the jury found Turner guilty under an instruction for conspiracy to commit carjacking itself, there is no reasonable probability that they would have acquitted him under an instruction regarding conspiracy to attempt carjacking.

- 22 -

jurors could only convict if they found guilt beyond a reasonable doubt, based on the evidence. Clearly, counsel's failure to request yet another instruction about the indictment and the burden of proof was neither deficient or prejudicial representation. I will grant the Motion to Dismiss this claim under *Strickland*.

In Claim 3(c), Turner faults appellate counsel for failing to challenge on appeal the four-point enhancement on the carjacking count. Because Turner was properly classified as a career offender under section 4B1.1 of the United States Sentencing Guidelines and he was sentenced under that provision, the four-point enhancement to the guidelines had no practical effect on his guideline range.[7] Moreover, the enhancement itself was appropriate, based on Turner's use of intimidation to force Hildreth into accompanying him in his efforts to escape after the bank robbery. *See United States v. Wilson*, 198 F.3d 467, 472 (4th Cir. 1999) (upholding application of enhancement for physical restraint of carjacking victim because "physical restraint is not an element of carjacking"). Accordingly, appellate counsel's omission of this claim was neither deficient performance nor prejudicial to the outcome on appeal.

In his memorandum, Turner alleges that counsel was ineffective in failing to conduct "meaningful consultations with petitioner with respect to his charges, e.g.,

---

[7] Turner also complains that he was not an armed career criminal and that counsel should have objected to this classification in the presentence report. As he was not sentenced under this provision, he has no ground for habeas relief here.

- 23 -

the search of his residence, sentencing, e.g., file objections to the PSR, determine the nature of the statutes and guidelines applicable to petitioner and on appeal." Other than the claims I have already addressed, however, Turner fails to offer any specific details in support of these vague and conclusory dissatisfactions with counsel's performance and fails to demonstrate any resulting prejudice.

In the last section of his memorandum, Turner argues that counsel was ineffective for failing to advise him that he might get a lighter sentence if he pleaded guilty so as to be eligible for a reduction in offense level for acceptance of responsibility. This claim fails because Turner cannot show prejudice under *Strickland*.

If Turner had pleaded guilty and qualified for the maximum of three points for acceptance of responsibility, he would still have been subject to the practical equivalent of a life sentence under the sentencing guidelines. With a Total Offense Level of 34 and a Criminal History Category of VI, Turner's sentencing range would have been 262 to 327 months. However, Counts Four and Eight charged violations of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006), which requires consecutive mandatory minimum sentences of seven years (84 months) for the first conviction in which a firearm is brandished, and twenty-five years (300 months) for the second conviction. As a career offender, and pursuant to section 4B1.1(c) of the sentencing

guidelines, the minimum of Turner's range of imprisonment thus would have been 646 months, or nearly 54 years.[8] For all practical purposes, to a man who was forty-four years old at sentencing, this term is a life sentence, even taking into consideration the possibility of a fifteen-percent reduction for earned good conduct time.

Moreover, by pleading guilty, Turner would have waived his right to a jury trial and lost the chance that the jury might convict him of a lesser included offense on the bank robbery count or acquit him on one or more counts. He also would have waived his opportunity to pursue the nonfrivolous legal argument that his attorney pressed all the way to the Supreme Court—that the evidence was insufficient as to aggravated bank robbery. I find no reasonable probability that the sentencing options after a guilty plea would have been so attractive to Turner that he would have waived his trial and appeal rights. The claim thus fails under the prejudice prong of *Strickland* and must be dismissed.

Finally, Turner argues that the many alleged errors by the court and by counsel justify reversal of his conviction. I have already determined, however, that Turner

_____

[8] Furthermore, after a guilty plea, I likely would have departed upward from the guideline range to sentence Turner to life on Counts Two, Four, Eight, and Nine, based on the fact that his criminal history category under-represented the seriousness of his criminal record as a whole and the substantial likelihood of recidivism.

- 25 -

is not entitled to relief on any of his alleged court error claims and that he has failed to establish that his right to effective assistance of counsel was violated in any way. Accordingly, his cumulative error argument fails as well. *See, e.g., Fisher*, 163 F.3d at 852-53.

IV

For the stated reasons, I conclude that the government's Motion to Dismiss must be granted, as Turner has not established any ground on which he is entitled to relief under § 2255. The majority of his claims were addressed on appeal or could have been raised in that proceeding, so are barred from review under § 2255. His ineffective assistance claims are without merit and so cannot serve to excuse the procedural default of other substantive claims.

A separate Final Order will be entered herewith.

DATED: April 19, 2007

/s/ JAMES P. JONES
Chief United States District Judge